UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED

2008 MAR 11 PM 2:25

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

BRUCE BLIZZARD,

           Plaintiff,

vs.

           Case No. 2:06-cv-64-FtM-34SPC

HERBERT T. CASKEY, LUCI HADI, RICK
HARRY; STEVEN MARANVILLE; MR. BOYER;
MR. BOSWELL; and DARBY ELLIS
           Defendants.

_____

### ORDER[1]

This matter comes before the Court upon review of the Motion for Summary Judgment (Doc. #69, Mot. S.J.), filed on behalf of Defendants Harry, Maranville, Boyer, Boswell, and Ellis, employees of Liberty Behavioral Healthcare Corporation (hereinafter "Liberty"). Plaintiff filed a Response (Doc. #88, Response). This matter is ripe for review.

I.

Plaintiff, who is proceeding *pro se* and currently civilly detained at the Florida Civil Commitment Center ("FCCC"), pursuant to the Jimmy Ryce Act, initiated this action by filing an "Emergency Complaint" pursuant to 42 U.S.C. § 1983. See Doc. #1.

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

for leave to file a second amended complaint, which the Court granted. <u>See</u> Order granting Pl's Mot. to Amend (Doc. #32).

In the second amended complaint, Plaintiff names the following Defendants in both their official and individual capacities: Rick Harry, Executive Director FCCC; Steven Maranville, Facility Safety Director, FCCC; Mr. Boyer, Therapeutic Assistant, FCCC; Mr. Boswell, Facility Safety Manager, FCCC; Darby Ellis, Unit Manager, FCCC; Herbert Caskey, President, Liberty; and Luci Hadi, Secretary, Department of Children and Families. Civil Rights Complaint, (Doc. #34, Second Amended Complaint) at 1-2. Plaintiff alleges that certain FCCC policies concerning incoming and outgoing mail violate his constitutional rights. <u>See</u> <u>generally</u> <u>Id.</u> In particular, Plaintiff contends that on November 4, 2005, he placed a computer disc containing an appellate brief for the Circuit Court in Leon County in the outgoing mail at FCCC, but the disc never reached the court. <u>Id.</u> at 10. Plaintiff further alleges that on December 19, 2005, a computer disc containing an appellate brief relating to an action against the FCCC was removed from his incoming mail, "confiscated, and designated 'contraband subject to review.'" <u>Id.</u> at 11. Plaintiff avers that the disc was subsequently "lost." <u>Id.</u> at 14. Based upon these allegations, Plaintiff seeks injunctive relief and monetary damages from all Defendants. <u>Id.</u> at 21.

II.

Defendants Harry, Maranville, Boyer, Boswell, and Ellis move the Court to enter judgment as a matter of law based on Eleventh Amendment immunity. See generally Mot. S.J. Defendants note that their employer, Liberty, contracted with the Department of Children and Families ("DCF") to operate the FCCC, thus they argue that because the facility was created by State statute and Liberty operated the facility pursuant to the State statute on behalf of a State agency, "Liberty and its employees are . . . immune from suit under the Eleventh Amendment."[2] Id. at 4. In support of their argument, Defendants note that a debt collection services group that contracted with the State Attorney's Office was found to be entitled to Eleventh Amendment immunity. Id. (citing Rosario v. Amer. Corrective Counseling Serv., Inc., 2006 U.S. Lexis 83135 (M.D. Fla. 2006)[3]). Defendants also refer the Court to Florida Statutes section 394.9151, which authorizes DCF to contract with a private entity or a State agency, and section 394.929, which provides that "[t]he [DCF] is responsible for all costs relating to the evaluation and treatment of persons committed to the Department's custody as sexually violent predators." Mot. S.J. at 2. Additionally, Defendants argue that the action can only be

---

[2] Defendants acknowledge that the contract between Liberty and the State of Florida expired on June 20, 2006, and, as such, Liberty is no longer the contracted provider at the FCCC. Id. at 1-2.

[3] As noted infra at p. 4, this decision was reversed by the Eleventh Circuit Court of Appeals in Rosario v. Amer. Corrective Counseling Serv., Inc., 506 F.3d 1039 (11th Cir. 2007).

maintained against the Defendants in their official capacities because it arises from a "policy" instituted at the FCCC. Id. at 5-7.

In Response, Plaintiff argues, *inter alia*, that Defendants are not entitled to Eleventh Amendment immunity in this action because the Defendants were employed by Liberty, a for-profit corporation. See Response at 2. Plaintiff further contends that Liberty is not acting as "the State" under these circumstances. Id.

### III.

The Eleventh Amendment to the United States Constitution grants States immunity from suits brought by private citizens in federal court. U.S. Const. amend XI; Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (finding the Georgia sheriff, in his official capacity, was an arm of the State and entitled to Eleventh Amendment immunity). This immunity is limited to the State and "does not extend to counties or other units of government." Rosario v. Amer. Corrective Counseling Serv., Inc., 506 F.3d 1039, 1043 (11th Cir. 2007). Nevertheless, the Eleventh Amendment protects not only the State itself "from being sued in federal court without the State's consent," it also bars suits against a defendant acting as an "'arm of the State.'" Powell v. Barrett, 496 F.3d 1288, 1304 (11th Cir. 2007)(quoting Manders, 338 F.3d at 1308). In determining whether a defendant acts as an "arm of the

State," the Court examines four factors: "(1) how [S]tate law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." Powell, 496 F.3d at 1304 (quoting Manders, 338 F.3d at 1309)(internal quotations omitted). The Eleventh Circuit Court of Appeals has instructed that "the 'pertinent inquiry' is the company's 'function or role in a particular context;'" and "the question is whether and to what extent [the company is] contractually acting as representatives of the State.'" Rosario, 506 F.3d at 1044 (quoting Shands Teaching Hospital v. Beach Street Corp., 208 F.3d 1308, 1311 (11th Cir. 2000)). If the company is clearly acting as an agent of the State, then it is protected. See Id. Moreover, "the 'dispositive question for Eleventh Amendment purposes is whether a judgment against [the contractor] would impact the [S]tate treasury or interfere with the administration of the state group insurance program . . . .'" Id.

Based on the current record in this action, the Court cannot determine as a matter of law that Liberty is an arm of the State. While Defendants assert that Liberty previously contracted with DCF to operate the FCCC, they cite to no record evidence in support of that assertion. See Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex, 477 U.S. at 323)(noting that the moving party bears the burden of demonstrating to the Court that based upon the record no genuine issues of

material fact exist that should be decided at trial). While DCF is a State agency, this fact alone is insufficient to warrant entry of judgment as a matter of law. Indeed, other than establishing that DCF had statutory authority to contract with either a private entity or a State agency, Defendants fail to address, or point the Court to record evidence regarding, any of the four factors to be considered by the Court in determining whether Liberty acted as an "arm of the State" in this matter.[4] See Powell, 496 F.3d at 1304; Rosario, 506 F.3d at 1044. Because the current record does not support a finding that Defendants are entitled to the entry of judgment as a matter of law, the motion will be denied.

## VI.

Lastly, Defendants also argue that to the extent Plaintiff seeks injunctive relief against Liberty and its employees, the relief requested is moot because Liberty no longer runs the FCCC. Mot. S.J. at 2-4. Defendants refer the Court to their previously filed affidavit of Rick Harry (Doc. #29-2; Aff. Harry), former executive director of the FCCC under Liberty. Id. at 2; Aff. Harry. Defendant Harry testifies that neither he nor Liberty provide services at the FCCC since Liberty's contract expired on July 1, 2006. Aff. Harry at 2. In their motion, Defendants

---

[4]Defendants argument that DCF is financially responsible for the costs relating to the care and treatment of those individuals deemed sexually violent predators, does not establish that a judgment against Liberty would impact the State treasury.

further assert that none of the Defendants, except Ellis, currently work at the FCCC. Id. at 3. However Defendants provide no affidavit or other evidence in support of this representation.

As previously noted, Plaintiff seeks both injunctive relief and monetary damages against all of the Defendants. Complaint at 21; supra at 2. Nevertheless, the record evidences that Liberty no longer runs the FCCC and Defendant Harry is no longer employed at the FCCC. See generally Aff. Harry. As such, Plaintiff's request for injunctive relief as to Defendant Harry is moot.[5] See Lucero v. Trosch, 121 F.3d 591, 596 (11th Cir. 1997). Other than Defendants' statement, however, Defendants provide no evidence that Defendants Maranville, Boyer, and Boswell are no longer employed at the FCCC. Thus, the Court will grant Defendants' motion to the limited extent that the claim for injunctive relief against Defendant Harry is moot. Plaintiff's claim for monetary damages as to these Defendants, however, is not moot. Id.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. #69) is **DENIED without prejudice and GRANTED in part.**

2. The motion is **GRANTED to the limited extent** that the request for injunctive relief against Defendant Harry is now moot.

---

[5]Plaintiff, nevertheless, may seek injunctive relief against the other remaining Defendants.

Otherwise, the motion is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this 11th day of March, 2008.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record